URIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR 3 1 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | **4-05CV-192-Y** |
| | § | |
| v. | § | Civil Case No. |
| | § | |
| SBIC PARTNERS II, L.P. | § | Receivership Order |
| | § | |
| Defendant. | § | |

05 mc 63

2005 APR -7 PM 1:00
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
FILED

## CONSENT ORDER OF RECEIVERSHIP

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     Pursuant to the provisions 15 U.S.C. § 687c, this Court hereby takes exclusive jurisdiction of SBIC Partners II, L.P. ("SBIC II"), and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of SBIC II ("Receiver") to serve without bond until further order of this Court.  The Receiver is appointed for the purpose of marshaling and liquidating all of SBIC II's assets and satisfying the claims of creditors there from in the order of priority as determined by this Court.

2.     The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of SBIC II under applicable state and federal law, by the Limited Partnership Agreement, and By-Laws of said limited partnership, in addition to all powers and authority of a

Receivership Order – Page 1

receiver at equity, and all powers and authority conferred upon the Receiver by the

provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers,

managers, employees, investment advisors, accountants, attorneys and other agents of

SBIC II are hereby dismissed and the powers of any general partners are hereby

suspended during the pendency of the receivership. Such persons and entities shall have

no authority with respect to SBIC II's operations or assets, except to the extent as may

hereafter be expressly granted by the Receiver. The Receiver shall assume and control

the operation of SBIC II and shall pursue and preserve all of its claims.

3.    The Receiver is entitled to take immediate possession of all assets, bank

accounts or other financial accounts, books and records and all other documents or

instruments relating to SBIC II. The past and/or present officers, directors, agents,

managers, general and limited partners, trustees, attorneys, accountants, and employees

of SBIC II, as well as all those acting in their place, are hereby ordered and directed to

turn over to the Receiver forthwith all books, records, documents, accounts and all other

instruments and papers of and relating to SBIC II and all of SBIC II's assets and all other

assets and property of the limited partnership, whether real or personal. SBIC II's

general partner and advisor, Forrest Binkley & Brown, L.P. shall furnish a written

statement within five (5) days after the entry of this Order, listing the identity, location

and estimated value of all assets of SBIC II, a list of all employees (and job titles

thereof), other personnel, attorneys, accountants and any other agents or contractors of

SBIC II, as well as the names, addresses and amounts of claims of all known creditors of

Receivership Order – Page 2

SBIC II. Within thirty (30) days following the entry of this Order, Forrest Binkley &

Brown shall also furnish a written report describing all assets. All persons and entities

having control, custody or possession of any assets or property of SBIC II are hereby

directed to turn such assets and property over to the Receiver.

4.    The Receiver shall promptly give notice of its appointment to all known

officers, directors, agents, employees, shareholders, creditors, debtors, managers and

general and limited partners of SBIC II, as the Receiver deems necessary or advisable to

effectuate the operation of the receivership. All persons and entities owing any

obligation, debt, or distribution with respect to a partnership interest to SBIC II shall,

until further ordered by this Court, pay all such obligations in accordance with the terms

thereof to the Receiver and its receipt for such payments shall have the same force and

effect as if SBIC II had received such payments.

5.    The Receiver is hereby authorized to open such Receiver's accounts at

banking or other financial institutions to extend credit on behalf of SBIC II, to utilize

SBA personnel, and to employ such other personnel as it may deem necessary to

effectuate the operation of the receivership including, but not limited to, attorneys,

accountants, consultants and appraisers, and is further authorized to expend receivership

funds to compensate such personnel in such amounts and upon such terms as the

Receiver shall deem reasonable in light of the usual fees and billing practices and

procedures of such personnel. The Receiver is not required to obtain Court approval

prior to the disbursement of receivership funds for payments to personnel employed by

the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6.    SBIC II's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of SBIC II, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to SBIC II. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7.    The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving SBIC II or any assets of

Receivership Order – Page 4

SBIC II, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving SBIC II, the Receiver, or any of SBIC II's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving SBIC II or any assets of SBIC II, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving SBIC II, the Receiver, or any of SBIC II's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of SBIC II against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

8.      SBIC II and its past and/or present directors, officers, managers, general or

limited partners, agents, employees and other persons or entities acting in concert or

participating therewith be, and they hereby are, enjoined from either directly or indirectly

taking any actions or causing any such action to be taken which would dissipate the

assets and/or property of SBIC II to the detriment SBIC II or of the Receiver appointed in

this cause, including but not limited to destruction of corporate records, or which would

violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 *et. seq.*,

or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. § 107.1 *et. seq.*

      9.     The Receiver is authorized to borrow on behalf of SBIC II, from the SBA,

up to $3,000,000.00 and is authorized to cause SBIC II to issue Receiver's Certificates of

Indebtedness in the principal amounts of the sums borrowed, which certificates will bear

interest at or about 10 percent per annum and will have a maturity date no later than 18

months after the date of issue.  Said Receiver's Certificates of Indebtedness shall have

priority over all other debts and obligations of SBIC II, excluding administrative

expenses of the Receivership, whether currently existing or hereinafter incurred,

including without limitation any claims of general or limited partners of SBIC II.

      10.    This Court determines and adjudicates that SBA has made a sufficient

showing that SBIC II has violated the Act and the Regulations, as alleged in the

Complaint filed against SBIC II in the instant action, to obtain the relief so requested.

After the foregoing activities are completed, the Receiver may submit a report to the

Court recommending that SBIC II's SBIC license be revoked.

DATED this 31st day of March , 2005.

_____
U.S. District Court Judge

Presented by:

_____
Thomas W. Rigby
Va. Bar No. 34663, D.C. Bar No. 463532
Chief Counsel for SBIC Liquidation
Office of General Counsel, U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Telephone: 202.619.1610
Facsimile: 202.481.5866
Attorney for the Plaintiff

**THIS RECEIVERSHIP ORDER SEEN, STIPULATED AND AGREED BY
SBIC Partners II, L.P., through its authorized representative**

By:    Forrest Binkley & Brown, L.P.
       General Partner

       By:    Forrest Binkley & Brown Venture Co.
              General Partner

       _____
       Gregory J. Forrest, Office of the President

       _____
       Nicholas B. Binkley, Office of the President

       _____
       Jeffrey J. Brown, Office of the President

Date:    3/7/05

Receivership Order – Page 7