COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | 05 mc 63 |
| v. | § | No. |
| | § | 4-05CV-192-Y |
| SBIC PARTNERS II, L.P., | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, for its cause of action states as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.  This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA", "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2.  Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3.  Defendant, SBIC Partners II, L.P. (hereinafter, "SBIC II", "Licensee" or

"Defendant"), is a Delaware limited partnership formed on or about March 20, 1998 and maintains its principal office at 201 Main Street, Suite 2300, Fort Worth, Texas 76102. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

### Statutory and Regulatory Framework

4. SBIC II was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. § 681(c) on June 16, 1998, SBA License No. 06/76-0316, solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

6. SBIC II's Limited Partnership Agreement expressly provides that SBIC II was organized for the purpose of operating under the Act and subject to the Regulations issued by SBA thereunder.

7. SBIC II's general partners are SL-SBIC Partners, L.P., a Texas limited partnership, and Forrest Binkley & Brown, L.P., a Texas limited partnership.

8. Section 303 of the Act, 15 U.S.C. § 683, authorizes SBA to provide financing to licensed SBICs.

9. Pursuant to Section 303 of the Act, 15 U.S.C. § 683, SBA provided funds

to SBIC II through the purchase of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $52,806,478.00.

10. Compliance with the terms of Leverage provided by SBA required that SBIC II not have a condition of Capital Impairment, as that term is defined under the Regulations.

11. According to audited financial information provided by SBIC II to SBA on SBA Form 468 as required under the Regulations, 13 C.F.R. §107.630, SBIC II has a condition of Capital Impairment.

12. SBA afforded SBIC II an opportunity to cure its condition of Capital Impairment and SBIC II has failed to cure its condition of Capital Impairment beyond any applicable cure periods under the Regulations.

13. SBIC II's failure to cure its condition of Capital Impairment is a violation of the Regulations, 13 C.F.R. § 107.1830(b).

14. SBIC II's non-compliance with its terms of Leverage under 13 C.F.R. § 107.1830(b) is a violation of the Regulations, 13 C.F.R. § 107.507(a), for nonperformance of the terms of its Participating Securities.

15. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as SBIC II may be forfeited and the company may be declared dissolved.

16. Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination by SBA that a Licensee such as SBIC II, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE

### Violation of SBA Regulations

### 13 C.F.R. §§ 107.1830(b) and 507(a)

17. Paragraphs 1 through 16 are adopted herein by reference.

18. SBIC II has an uncured condition of Capital Impairment as that term is defined under the Regulations.

19. SBA has determined that SBIC II is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment.

20. SBA has determined that SBIC II is in violation of the Regulations, 13 C.F.R. § 107.1830(b) and 507(a).

21. SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §

687(d) and 687c, including the appointment of SBA as Receiver of SBIC II for the purposes of liquidating SBIC II and all of its assets.

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining SBIC II, its officers, directors, general partners, managers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of SBIC II, wherever located; and (3) violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate SBIC II's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C. That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of SBIC II and all of its assets, wherever located, appoint SBA as receiver of SBIC II for the purpose of marshaling and liquidating the assets of SBIC II and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Proposed Order filed herewith.

D. That upon the liquidation of SBIC II and the completion of the receivership, SBIC II's SBIC license may be revoked.

E. That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

Complaint For Receivership and Injunction - Page 5

U.S. SMALL BUSINESS ADMINISTRATION

*[signature]* 3-15-05

THOMAS W. RIGBY
VA. Bar No. 34663
D.C. Bar No. 463532
Chief Counsel for SBIC Liquidation
Office of General Counsel
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Telephone: 202.619.1610
Facsimile: 202.481.5866
Attorney for Plaintiff